# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 7, 2008

134756

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

ALPHONSO HERNANDEZ-ORTA,
      Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 134756
COA: 267971
Clinton CC: 95-005901-FH

      On order of the Court, the application for leave to appeal the July 10, 2007 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REMAND this case to the Clinton Circuit Court for proceedings consistent with this order.  MCL 770.16(1) does not limit requests for DNA testing to those cases in which the biological material itself leads to the defendant's conviction.  Rather, MCL 770.16(1) requires simply that the biological material which the defendant seeks to be tested has been identified during the investigation that led to his or her conviction.  The defendant in this case has presented *prima facie* proof that "the evidence sought to be tested is material to the issue of" his identity as the perpetrator under MCL 770.16(3)(a).  If the DNA from semen found in the victim's body shortly after the assault does not match the defendant's DNA profile, this evidence has a tendency to show that defendant is not the perpetrator – particularly if the DNA also does not match that of the victim's boyfriend, with whom the victim acknowledged having sexual relations two days before the alleged offense.

      We do not retain jurisdiction.

      WEAVER, J., dissents and states as follows:

      I dissent.  I would not remand this case and I would deny leave to appeal because I am not persuaded that the decision of the Court of Appeals was clearly erroneous or that defendant has suffered any injustice in this case.

YOUNG, J., dissents and states as follows:

I would deny leave to appeal. Defendant filed a petition seeking DNA testing pursuant to MCL 770.16 in October 2002. The petition was granted in part and denied in part in April 2003. The trial court granted testing of the fingernail clippings, but unequivocally denied testing of the semen samples. In November 2003, the laboratory reported that the fingernail specimens were insufficient for testing. Sixteen months later, on March 22, 2005, defendant filed a second petition for DNA testing of the semen specimens, seeking to relitigate the identical issue that had been conclusively decided against the defendant two years previously.

When a petition for DNA testing has been denied, the statute provides *only one* avenue of recourse—an appeal to the Court of Appeals by leave granted. See MCL 770.16(9). Defendant was required to appeal the denial of his petition within 12 months of the entry of the denial order pursuant to MCR 7.205(F)(3). Thus, the opportunity for the Court of Appeals to review the trial court's order denying the motion for testing of the semen samples was conclusively closed after April 25, 2004.

Contrary to what occurred in this case, nothing in the statute permits the filing of serial petitions for DNA testing as a remedy for the denial of a previously filed petition. Because defendant has not complied with the only remedy provided by the statute, I conclude that defendant has waived appellate review of the issue. Additionally, I believe that permitting the filing of sequential petitions erroneously permits the relitigation of previously decided issues in contravention of our rules that preclude serial challenges of issues previously decided.

For these reasons, I would deny leave to appeal.

CORRIGAN, J., joins the statement of YOUNG, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 7, 2008

Clerk

d0304